UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JONATHAN WOUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| MONDI PACKAGING USA INC ) | |
| d/b/a MONDI USA INC ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, JONATHAN WOUK, by and through his attorneys, Nicholas F. Esposito, Bradley K. Staubus, and Delia Di Venere, and for his complaint against Defendant, MONDI PACKAGING USA INC, d/b/a MONDI USA INC, alleges the following:

### COUNT I

### Disability Discrimination

1. This action is brought under the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*), because it arises under the laws of the United States, and §1343(4) because this action arises from an Act of Congress for the protection of civil rights, and §1367 for supplemental jurisdiction arising out of pendent state claims with a common nucleus of operative facts. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment and, under the laws of the State of Illinois, for wrongful discharge. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for damages, injunctive and other relief for illegal discrimination in employment.

2. Venue in this district is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c) because the unlawful employment practices occurred in this district and the Defendant does business in this judicial district.

3. Plaintiff is an adult male individual and citizen of the State of Illinois, and currently resides within this judicial district.

4. Defendant is, and at all times relevant hereto was, a corporation with its principal place of business in Delaware and doing business in this judicial district.

5. At all times relevant hereto, Defendant is and was engaged in providing packaging services, with more than twenty (20) full-time employees.

6. Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation.

7. On December 7, 2012, the EEOC mailed its right to sue letter to Plaintiff. Plaintiff timely filed suit within the requisite ninety (90) days of receipt of the right to sue letter.

8. Plaintiff has exhausted his federal administrative remedies and, under U.S.C. §2000e-5(f), has standing to file this civil action against Defendants.

9. Defendant discriminated against Plaintiff based upon his notification to Defendant of his learning and occupational disability, his need for accommodation, Defendant's refusal to accommodate him, and his termination of employment on August 12, 2011 after complaining to Defendant about its failure to accommodate him.

10. Defendant imposed unreasonable conditions on Plaintiff and failed to reasonably accommodate his learning and occupational disability by failing to provide a work environment necessary for him to perform his work duties.

11.     Plaintiff provided letters from his Doctors to Defendant regarding his disability and the accommodations that were needed.  The Defendant ignored these accommodation requests.

12.     By terminating Plaintiff, Defendant and its agents willfully and intentionally discriminated against Plaintiff based upon his learning and occupational disability, in violation of federal law, the ADA.

13.     As a direct and proximate result of Defendant's discrimination against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

14.     The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

15.     Plaintiff seeks prejudgment interest, post-judgment interest, and costs including reasonable statutory attorneys' fees and expert witness fees.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant and that the court award his direct and consequential damages, statutory punitive damages, statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

## COUNT II

### Whistle Blower/Wrongful Discharge

16. Paragraphs one through fifteen (1-15) are incorporated herein by reference as paragraph sixteen (16).

17. During his employment, Plaintiff discovered and notified his superior that Defendant had changed the quality of its product and was fraudulently charging its customers for a higher quality product.

18. Plaintiff had reasonable cause to believe that Defendant's fraudulent conduct was a violation of a state and/or federal law or regulation.

19. Plaintiff was terminated on August 12, 2011 for complaining about Defendant's failure to provide him an accommodation and for notification of mis-charging its customers.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and that the court award him direct and consequential damages, statutory punitive damages, statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, prejudgment interest, post-judgment interest, and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

## COUNT III

### Defendant Retaliated against Plaintiff

20. Paragraphs one through fifteen (1-15) are incorporated herein by reference as paragraph twenty-one (20).

21. Defendant retaliated against Plaintiff for complaining of potential illegal representation of products and billing to customers on August 11, 2011, by terminating Plaintiff's employment on August 12, 2011.

22. As a direct and proximate result of Defendant's retaliation against Plaintiff, he has suffered and will continue to suffer damage including loss of wages and benefits, liquidated damages, front pay, pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

23. The willful nature of the violations, committed with malice or reckless indifference to the federally protected rights of Plaintiff, warrant statutory punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

WHEREFORE, Plaintiff prays for judgment in his favor and against each and all Defendants and that the court award him direct and consequential damages, statutory punitive damages, statutory attorneys' fees, including lost wages and benefits, liquidated damages, front pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), prejudgment interest, post-judgment interest, and costs in this action including reasonable statutory attorneys' fees and expert witness fees, and grant such other relief as the Court may find appropriate.

**JURY TRIAL IS DEMANDED FOR ALL COUNTS.**

                                        Respectfully submitted,
                                        JONATHAN WOUK,
                                        Plaintiff

                                        By: /s/ Nicholas F. Esposito
                                        One of Plaintiff's Attorneys

Nicholas F. Esposito
Bradley K. Staubus
Delia Di Venere
ESPOSITO & STAUBUS LLP
7055 Veterans Blvd., Unit B
Burr Ridge, IL 60527
(312) 346-2766