UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN WOUK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 1932 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| MONDI PACKAGING USA INC. d/b/a | ) |
| MONDI USA INC. | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Jonathan Wouk filed an amended complaint against Mondi Packaging USA Inc. d/b/a Mondi USA Inc. ("Mondi"), alleging disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and common law retaliatory discharge.[1] Mondi filed a motion for judgment on the pleadings or in the alternative to dismiss with respect to Wouk's retaliatory discharge claim.[2] For the following reasons, Mondi's motion [26] is granted.

## BACKGROUND[3]

Wouk worked at Mondi, a company that provides packaging services. While at Mondi, Wouk discovered that Mondi was fraudulently charging customers for a higher quality product

---

[1] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

[2] Because Mondi has not yet filed an answer to Wouk's retaliatory discharge claim, the Court will consider Mondi's motion under Federal Rule of Civil Procedure 12(b)(6) and not Rule 12(c). *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) ("Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties."); *Watson v. Williamson*, No. 11-3093, 2011 WL 3475269, at *2 (C.D. Ill. Aug. 9, 2011) (construing motion for judgment on the pleadings as a motion to dismiss under Rule 12(b)(6) where no answer had yet been filed).

[3] The facts in the background section are taken from Wouk's amended complaint and are presumed true for the purpose of resolving Mondi's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

than it was producing and distributing a product that did not accurately state its measurement. Wouk believed that this practice violated both federal and state law, specifically the Fair Packaging and Labeling Act ("FPLA"), 15 U.S.C. § 1452, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.* At some point after Wouk reported that he believed Mondi's practice was illegal to his supervisor, Wouk was terminated on August 12, 2011.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

The tort of retaliatory discharge is a narrow exception to the general rule that at-will employees may be terminated for any or no reason. *Turner v. Mem'l Med. Ctr.*, 911 N.E.2d 369, 374, 233 Ill. 2d 494, 331 Ill. Dec. 548 (2009). To state a claim for retaliatory discharge under Illinois law, Wouk must allege that (1) he was discharged by Mondi, (2) the discharge was in

retaliation for his activities, and (3) the discharge violates a clear mandate of public policy. *Id.* Although Illinois courts have not provided a precise definition of "clearly mandated public policy," it typically "concerns what is right, just, and affects the citizenry of the State collectively." *McGrath v. CCC Info. Servs., Inc.*, 731 N.E.2d 384, 391, 314 Ill. App. 3d 431, 246 Ill. Dec. 856 (1991). "The public policy requirement is not met when 'only private interests are at stake.' " *Benders v. Bellows & Bellows*, 515 F.3d 757, 766 (7th Cir. 2008) (quoting *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 879, 85 Ill. 2d 124, 52 Ill. Dec. 13 (1981)). Common law retaliatory discharge claims generally arise when an employee is terminated for filing a worker's compensation claim or reporting illegal or improper conduct. *Mackie v. Vaughan Chapter-Paralyzed Veterans of Am., Inc.*, 820 N.E.2d 1042, 1044–45, 354 Ill. App. 3d 731, 289 Ill. Dec. 967 (2004). The latter type of claim, which Wouk pursues, "usually involve[s] an employee terminated for 'whistle-blowing' or telling of a coworker's commission of an alleged crime." *Id.* at 1045. The alleged illegal conduct can be based not only on violations of the criminal code but also on violations of other regulations and statutes. *Stebbings v. Univ. of Chicago*, 726 N.E.2d 1136, 1145, 312 Ill. App. 3d 360, 372 (2000).

The Court previously dismissed Wouk's retaliatory discharge claim without prejudice for failing to identify a clearly mandated public policy that had been violated by his discharge. Doc. 21 at 3; *see also Turner*, 911 N.E.2d at 375–76 (allegations of a violation of a broad general statement of policy are insufficient to state a retaliatory discharge claim). Mondi does not contest that Wouk has properly alleged the first two elements of a retaliatory discharge claim in his amended complaint but maintains that he has again failed to sufficiently allege the third element. In his amended complaint, Wouk alleges that he believed Mondi's actions violated the FPLA and ICFA. But Mondi argues that these statutes are not applicable to the alleged illegal

3

conduct nor do they give rise to clearly mandated public policy and that, at best, the alleged conduct involves only an issue of private business interests that does not give rise to a retaliatory discharge claim. Mondi also argues that Wouk's allegations of fraudulent and deceptive conduct are not specific enough to meet Rule 9(b).

Initially, the Court is not convinced by Mondi's argument that Wouk's allegations of illegal conduct are merely an issue of private business interests. Wouk alleges that he "discovered that it appeared Defendant had been fraudulently mischarging its customers for a higher quality product" in violation of the FPLA and ICFA. Am. Compl. ¶¶ 17, 20–23. Both acts are intended to broadly protect consumers from unfair or deceptive practices. *See* 15 U.S.C. § 1451 ("Informed consumers are essential to the fair and efficient functioning of the free market economy. Packages and their labels should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons."); *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 66, 219 Ill. 2d 182, 302 Ill. Dec. 1 (2005) (courts are to utilize ICFA "to the greatest extent possible to eliminate all forms of deceptive or unfair business practices and provide appropriate relief to consumers" (quoting *Totz v. Continental Du Page Acura*, 602 N.E.2d 1374, 1380, 236 Ill. App. 3d 891, 177 Ill. Dec. 202 (1992))); *People ex rel. Hartigan v. Lann*, 587 N.E.2d 521, 524, 225 Ill. App. 3d 236, 167 Ill. Dec. 252 (1992) (intent of ICFA "is to curb fraudulent abuses" and to reach practices that affect consumers generally). Based on the allegations of the amended complaint, the Court concludes that it is plausible that public policy concerns, as reflected in the FPLA and ICFA, were implicated by Mondi's alleged deceitful conduct. *See Beers v. E.R. Wagner Mfg. Co.*, No. 12-cv-8888, 2013 WL 1679403, at *3 (N.D. Ill. Apr. 17, 2013) (finding a clearly mandated public policy where plaintiff alleged that defendant "was attempting to deceive its customers by providing inferior product and profiting

substantially from that deception," stating that "[p]ublic policy concerns are clearly implicated, whether or not [defendant's] conduct actually violated the statutes"); *Palmateer*, 421 N.E.2d at 879–80 ("There is no public policy more important or more fundamental than the one favoring the effective protection of the lives and property of citizens.").

Mondi argues that *Nieman v. Nationwide Mutual Insurance Co.*, No. 09-3304, 2010 WL 2721853 (C.D. Ill. July 8, 2010), and *Hubert v. Consolidated Medical Laboratories*, 716 N.E.2d 329, 306 Ill. App. 3d 1118, 240 Ill. Dec. 196 (1999), stand for the proposition that alleged ICFA violations cannot support retaliatory discharge claims. But the court in *Hubert* only noted in reciting the procedural history of the case that the trial court had stricken all references to ICFA without passing opinion on the trial court's action as that issue was not on appeal. 716 N.E.2d at 333. Instead, the court found that, under the facts of that case, the unclean hands doctrine barred the plaintiff's retaliatory discharge claim. 716 N.E.2d at 335–36. The court in *Nieman* did conclude that several statutes, including ICFA, did not provide the plaintiff with "a statutory right sufficient to invoke the public policy exception to Indiana's at-will employment doctrine because [it] contains its own remedial scheme." 2010 WL 2721853, at *3. But Mondi does not argue that the retaliatory discharge claim is not cognizable because ICFA contains a remedial scheme, and the Court does not find *Nieman*'s reasoning as to Indiana's version of the tort persuasive here. Illinois courts have looked to the availability of alternative remedies as "one of many factors in a pragmatic approach toward determining when the tort of retaliatory discharge will lie." *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 945 (7th Cir. 2002); *O'Connell v. Cont'l Elec. Constr. Co.*, No. 11 C 2291, 2011 WL 4916464, at *10 (N.D. Ill. Oct. 17, 2011) (finding that one factor weighing against plaintiff's retaliatory discharge claim was the existence of an alternative federal remedy under the ADA's anti-retaliation provision). ICFA

5

does not include an anti-retaliation provision and thus this factor does not come into play here. As the Seventh Circuit noted, the mere "existence of government-imposed criminal and civil sanctions for unlawful conduct" is not a sufficient basis on which to dismiss a retaliatory discharge claim, for, if it was, "the whole 'citizen crime-fighter' species of retaliatory discharge claim would become extinct in Illinois." *Brandon*, 277 F.3d at 943. Thus, the Court will not dismiss Wouk's claim on this basis.

Alternatively, Mondi argues that because it does not produce or sell consumer products, the FPLA and ICFA cannot apply to the alleged illegal conduct. The FPLA regulates consumer commodities, defined as, with certain exceptions,

> any food, drug, device or cosmetic . . . and any other article, product, or commodity of any kind or class which is customarily produced or distributed for sale through retail sales agencies or instrumentalities for consumption by individuals, or use by individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and which usually is consumed or expended in the course of such consumption or use.

15 U.S.C. § 1459(a). The FPLA does not apply to wholesale or retail distributors of consumer commodities except to the extent these distributors "(1) are engaged in the packaging or labeling of such commodities, or (2) prescribe or specify by any means the manner in which such commodities are packaged or labeled." 15 U.S.C. § 1452(b). ICFA defines a consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 Ill. Comp. Stat. 505/1(e). Mondi contends, without citation, that it does not produce consumer commodities and only distributes packaging products to other businesses. The amended complaint merely alleges that Mondi provides packaging services. Am. Compl. ¶ 5. Although the amended complaint does not provide additional details as to what type of packaging services

6

Mondi provides or to whom, Wouk has attached to his response a printout from Mondi's website that suggests that Mondi provides consumer goods packaging along with various other products. Ex. A to Pl.'s Resp. The Court may properly consider this information as a supplement to Wouk's amended complaint, as it is consistent with his allegations that Mondi provides packaging services. *See Help at Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001). Although Mondi may be correct that its customers do not meet the definition of consumer under ICFA and that its products are not consumer commodities under the FPLA, the Court cannot make this determination at this time. Drawing all reasonable inferences in Wouk's favor, as it must on a motion to dismiss, it is at least plausible that Mondi is subject to the FPLA and ICFA.

Finally, Mondi argues that Wouk has only made conclusory allegations as to the alleged fraudulent or deceptive conduct to demonstrate that his discharge violated public policy. *See Turner*, 911 N.E.2d at 377 ("[T]he mere citation of a constitutional or statutory provision in a complaint will not, by itself, be sufficient to state a cause of action for retaliatory discharge. Rather, an employee must show that the discharge violated the public policy that the cited provision clearly mandates."). Wouk based his report to his superior on his belief that Mondi was "fraudulently mischarging its customers for a higher quality product." Am. Compl. ¶ 17. Because Wouk's allegations sound in fraud, they must be pleaded with particularity under Rule 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446–47 (7th Cir. 2011); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). To meet Rule 9(b), a plaintiff must describe "the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Wouk's allegations fall

short. He has failed to provide a specific time frame for when Mondi was mischarging customers or when he notified his supervisor. He also has not identified with particularity the other circumstances of the alleged fraud. For example, he has not specified whether the conduct reached all of Mondi's product lines or only specific products and what type of customers were being deceived. Thus, Wouk's retaliatory discharge claim will be dismissed without prejudice.

Although Wouk was already given one opportunity to amend his claim, the Court will afford him one additional opportunity to properly state a retaliatory discharge claim that meets Rule 9(b)'s pleading requirements. In addition to addressing this issue, Wouk should also provide additional allegations, if possible at this stage and under Rule 11, to address Mondi's arguments that the FPLA and ICFA are inapplicable to the alleged conduct.

## CONCLUSION

For the foregoing reasons, Mondi's motion to dismiss [26] is granted. Wouk may file an amended complaint consistent with this Opinion on or before February 7, 2014.

Dated: January 22, 2014

SARA L. ELLIS
United States District Judge